Robyn Smith, SBN 165446
rsmith@lafla.org
Yolanda Arias, SBN 130025
yarias@lafla.org
Andrew Kazakes, SBN 277912
LEGAL AID FOUNDATION OF LOS ANGELES
5211 E. Washington Blvd., Suite 2-457
Commerce, CA 90040
Telephone:   (213) 640-3906
Facsimile:   (213) 640-3911

Attorneys for Plaintiff
EVELYN LARA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN LARA, | Case No.: |
| Plaintiff, | **COMPLAINT FOR REVIEW OF FINAL AGENCY ACTION AND FOR DECLARATORY RELIEF** |
| v. | |
| MIGUEL CARDONA, in his official capacity as Secretary of the United States Department of Education, | |
| Defendant. | |

## INTRODUCTION

1.    Plaintiff Evelyn Lara ("Plaintiff") brings this action pursuant to 5 U.S.C. § 702 for judicial review of the Secretary of the U.S. Department of Education's (the "Secretary" or the "Department") denial of her application for discharge of her federal student loans. She also seeks an order declaring that the

1

policies the Department has adopted to evaluate false certification discharge applications based on schools' ability-to-benefit fraud, and notify borrowers regarding the denial of such applications, is arbitrary, capricious, an abuse of discretion, contrary to law, and otherwise not in accordance with, and without observance of procedure required by the Higher Education Act, 20 U.S.C. §§ 1001-1099d, and its implementing regulations in violation of the APA, 5 U.S.C. § 706, and also violates the Due Process Clause of the Fifth Amendment of the United States Constitution. Plaintiff seeks an order compelling the Department to cease engaging in this unlawful conduct.

2.     For many years, the Higher Education Act ("HEA") has allowed students who have not earned their high school diplomas to obtain federal financial aid if they can first pass a multiple-choice exam, called an "ability-to-benefit" or "ATB" exam. The purpose of this exam, which is typically administered by the student's postsecondary institution, is to prevent schools from enrolling particularly vulnerable students who may lack the prior education necessary to comprehend and succeed in their education programs.

3.     In the early 1990s, a U.S. Senate investigation revealed widespread ATB fraud in the for-profit school industry. The investigation documented how schools increased their financial aid revenues by targeting and enrolling large numbers of non-high school graduates based on illegitimate ATB test results. Many schools falsified ATB test results by allowing students to take the same test multiple times, giving them extra time to complete the test, supplying them with test answers, and submitting fake test results. Based on this evidence, Congress enacted 20 U.S.C. § 1087(c), which requires the Secretary to discharge student loans for borrowers whose schools falsely certify their eligibility for federal financial aid.

Complaint for Judicial Review and Declaratory Relief Against Miguel Cardona

4.      Plaintiff was a vulnerable student who the HEA's ATB requirements and false certification discharge provision were enacted to protect. She dropped out of high school when she was 17 years of age after she became pregnant. In 2011, when she was 19 years of age, she visited for-profit Coast Career College (hereinafter "Career Institute"). She informed Career Institute that she had not earned her high school diploma, had only completed 10th grade, and provided a copy of her high school transcript. Career Institute then falsely certified her financial aid eligibility by instructing her to use the test answers it provided to complete an ATB test.  It received $17,510.00 in federal student loans on her behalf.

5.      Plaintiff did not complete her education, could not afford to repay her loans, and is a single mother of four children. Because of the outstanding loans, Plaintiff has suffered enormous stress, in part caused by low credit scores.

6.      In February 2023, after Plaintiff sought legal assistance and discovered she was eligible for a discharge, she submitted a false certification discharge application, along with a detailed declaration and high school transcript, to the Department. These documents demonstrated that she met all the regulatory criteria for false certification discharge eligibility.

7.      Despite this, in March 2023 the Secretary, based on its illegal and unconstitutional ATB false certification discharge application evaluation and procedural policies, denied Plaintiff's application. The Secretary refused to consider the evidence provided by Plaintiff, and, using a boilerplate notice, denied the application on the vague grounds that she had failed to demonstrate eligibility for the discharge, demanding that Plaintiff provide unspecified "supporting documentation, such as transcripts, a student ledger, or correspondence to support your claim" from Career Institute to prove her eligibility.

3

8.     In April 2023, Plaintiff submitted a request for review, pointing out that she had supplied her high school transcript, attested to facts under penalty of perjury demonstrating her eligibility for a discharge, and that no student records were available from Career Institute because it had closed in 2016 and had not transferred its records with a state agency or other custodian. Despite this, the Department denied her appeal on the exact same basis as the first denial.

9.     In addition, to seeking a reversal of its denial, Plaintiff seeks an order compelling the Department to cease engaging in these illegal evaluation and denial procedures, which comprise a "presumption-of-denial" policy under which the Department denies ATB false certification discharge applications. The Department likely has denied and continues to deny applications of many other students who lacked a high school diploma and whose school falsely certified their ability to benefit from their education.

## JURISDICTION AND VENUE

10.    This action arises under the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 701-706 and the Higher Education Act (the "HEA") and its amendments, 20 U.S.C. §§ 1001 to 1099d.

11.    This court is authorized to grant the relief requested in this case pursuant to the APA, 5 U.S.C. § 706 and the HEA, 20 U.S.C. § 1087(c).

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because a substantial part of the events giving rise to the claim occurred in this district and Plaintiff resides in this district.

## PARTIES

13.    Plaintiff EVELYN LARA ("Plaintiff") resides, and at all relevant times has resided, in Los Angeles County, California.

14.    Defendant MIGUEL CARDONA is the Secretary of Education (the

4

"Secretary") charged by statute with the supervision and management of all decisions and actions of the United States Department of Education (the "Department") (hereinafter the Secretary and Department are referred to collectively as "Defendant"). The Department is an agency of the United States, within the meaning of the APA, 5 U.S.C. § 701(b)(1).  Plaintiff sues the Secretary in his official capacity.

## BACKGROUND

### *Secretary's Authority over the Federal Student Loan Programs*

15.    Title IV of the HEA, 20 U.S.C. §§ 1070-1099d, charges the Secretary with the responsibility of administering and overseeing the federal student loan programs, including the Federal Family Education Loan ("FFEL Loan") and Direct Loan programs.

16.    Under the FFEL Loan program, private lenders issued student loans to borrowers who met the eligibility criteria of the HEA. 20 U.S.C. §§ 1077, 1091(b). These loans were insured by guaranty agencies and in turn reinsured by the Department. 20 U.S.C. § 1078(b)-(c).

17.    Under the Direct Loan program, the federal government issues student loans directly to borrowers who meet the eligibility criteria of the HEA, including consolidation loans.  20 U.S.C. §§ 1087a, 1087e.

18.    Direct and FFEL loans have the same terms, conditions, and benefits. 20 U.S.C. § 1087e(a)(1).

19.    The Secretary has promulgated regulations that dictate procedures that guaranty agencies and the Department must follow in administering the FFEL and Direct loan programs. 34 C.F.R. Parts 682 (FFEL Loans) and 685 (Direct Loans).

20.    Every Direct and FFEL loan is governed by a Master Promissory Note ("MPN") that incorporates the HEA and the Department's regulations.

21.     The purpose of the Direct and FFEL loan programs is "to assist in making available the benefits of postsecondary education to eligible students[.]" 20 U.S.C. § 1070(a).

22.     There is no statute of limitations on the collection of Direct or FFEL loans. 20 U.S.C. § 1091a(a)(2).

### *False Certification Student Loan Discharges*

23.     In 1978, Congress amended the HEA to allow a student who did not have a high school diploma or equivalent to receive financial aid if their school determined that the student demonstrated an "ability to benefit" ("ATB") from the program the student sought to attend. *See* Pub. L. 95-566, Sec. 6, 92 Stat. 2403 (1978).

24.     For much of the time since 1986, including 2011 when Plaintiff first obtained federal financial aid, a school could demonstrate that a student met the ATB exception by certifying that it administered a Department-approved ATB test to the student and that the student had received a passing score before the federal loan was originated. *See* 20 U.S.C. §§ 1091(d) (2010).

25.     Between 1989 and 1991, the U.S. Senate Permanent Subcommittee on Investigations of the Committee on Governmental Affairs conducted an investigation into the causes of skyrocketing student loan defaults. S. Rep. No. 102-58, 1st Sess. 37 (1991) (the "Nunn Report").

26.     The study revealed a "national epidemic" of fraud by for-profit trade schools, including a "widespread" practice of fraudulently certifying students' ability to benefit from the schools' programs. *Id*. at 12. The study determined that ATB fraud was one of the "most widely abused areas of those observed during the Subcommittee's investigation." *Id*.

27.     The Office of Inspector General, for example, testified that its

Complaint for Judicial Review and Declaratory Relief Against Miguel Cardona

investigations revealed that many for-profit schools were altering ATB test answers, changing failing test results into passing results, allowing unlimited time to complete the tests, providing students with answers to the tests, and using ATB tests not approved by the Department. Testimony of James Thomas Jr., Inspector General of the U.S. Dep't of Educ., Abuses in Federal Student Aid Programs, Hearings Before the Permanent Subcommittee on Investigations of the Committee on Governmental Affairs, U.S. Senate, 101st Cong., 2nd Session, at 35-36 (Feb. 20, 1990).

28.    The Subcommittee was concerned about the student harm caused by fraudulent ATB practices, including based on the Inspector General's testimony that many falsely certified students often withdraw from their programs and are then unable to repay their loans. Nunn Report, *supra*, at 12.

29.    In response to the prevalence of ATB fraud in the for-profit sector and its impact on vulnerable students, Congress amended the HEA in 1992 to mandate that "the Secretary <u>shall</u> discharge [a] borrower's liability on [his or her] loan" when the borrower's "eligibility to borrow . . . was falsely certified by an eligible institution." Higher Education Amendments of 1992, Pub. L. No. 102-325, sec. 428, § 437(c), 106 Stat. 448, 551 (1992) (codified as amended at 20 U.S.C. § 1087(c)) (emph. added).

30.    The Department subsequently enacted regulations governing false certification discharges. 34 C.F.R. §§ 682.402(e) (FFEL Loans) and 685.215 (Direct Loans).

31.    The Department also published guidance. In a 1995 Dear Colleague letter, the Department stated that a false certification discharge is warranted in a number of circumstances, including when a school permits a student who fails an ATB test to retake the test more frequently than allowed, permits a student excess

7

time to complete the test, considers a student to pass a test when they did not achieve a passing score, uses an unapproved version of a test, supplies students with answers to the test, or allows students to discuss the test while they are taking it. U.S. Dep't of Educ., Dear Colleague Letter, GEN 95-42 at 5-6 (Sept. 1, 1995).

32. The HEA, the Department's regulations, and students' MPNs require Defendant to adjudicate ATB false certification discharge applications.

33. Federal regulations require a borrower seeking a discharge on the basis of ATB false certification to submit an application to the loan holder (the guaranty agency or Department) signed under penalty of perjury. 34 C.F.R. §§ 682.402(e)(3)(ii) (FFEL Loans) and 685.215(c) (Direct Loans).

34. After a false certification application is received, the guaranty agency or Defendant must determine whether it is complete. 34 C.F.R. §§ 682.402(e)(6)(iii), (iv) (FFEL Loans) and 685.215(d)(3), (4) (Direct Loans).

35. For an application to be complete, the borrower must state that the student: (a) reported to the school that they did not have a "valid high school diploma or its equivalent when the loan was originated;" and (b) "did not satisfy the alternative to graduation from high school statutory or regulatory eligibility requirements identified in the application form and applicable when the loan was originated." 34 C.F.R. §§ 682.402(e)(3)(ii) (FFEL Loans) and 685.215(c)(1) (Direct Loans).

36. The borrower must also state in the application "whether the borrower (or student) has made a claim with respect to the school's false certification . . . with any third party . . . and, if so, the amount of any payment received . . . or credited to the borrower's loan obligation." 34 C.F.R. §§ 682.402(e)(3)(i) (FFEL Loans) and 685.215(c)(7) (Direct Loans).

37. Once the borrower has submitted a complete application, the guaranty

8

agency or Department must then "determine[] whether the available evidence supports the claim for the discharge." 34 C.F.R. §§ 682.402(e)(6)(iv) (FFEL Loans) and 685.215(d)(4) (Direct Loans).

38.     Available evidence includes "evidence provided by the borrower . . . ." 34 C.F.R. §§ 682.402(e)(6)(iv) (FFEL Loans) and 685.215(d)(4) (Direct Loans).

39.     The guaranty agency or the Department may also request that the borrower "provide . . . other documentation reasonably available to [him or her] . . . that demonstrates" the borrower's eligibility for loan discharge. 34 C.F.R. §§ 682.402(e)(3)(vii) (FFEL Loans) and 685.215(c)(8)(i) (Direct Loans).

40.     Then, if the false certification discharge application is denied, the guaranty agency or Department must "issue[] a decision that explains the reasons for any adverse determination on the application [and] describe[] the evidence on which the decision was made . . . ." 34 C.F.R. §§ 682.402(e)(6)(vi) (FFEL Loans) and 685.215(d)(4) (Direct Loans).

41.     The guaranty agency or Department must consider any response to the denial from the borrower. 34 C.F.R. §§ 682.402(e)(6)(vi) (FFEL Loans) and 685.215(d)(4) (Direct Loans).

42.     If a guaranty agency or the Department determines that a borrower satisfies the requirements for an ATB false certification discharge, it is required to (a) discharge the borrower's obligation to pay existing or past loans falsely certified by the school, as well as any accrued charges and collection costs, (b) refund payments made by the borrower on the loans, and (c) report the discharge to all consumer reporting agencies so as to delete all adverse credit history regarding the loans. 20 U.S.C. § 1087(c)(1); 34 C.F.R. §§ 682.402(e)(2) (FFEL Loans) and 685.215(b) (Direct Loans).

43.     The regulations grant Defendant the discretion to provide false

9

certification discharges based on information within its possession. 34 C.F.R. §§ 682.402(e)(15) (FFEL Loans) and 685.215(c)(9) (Direct Loans). Based on this authority, the Department has on occasion granted group ATB false certification discharges to students who attended a school that the Department has determined committed ATB violations. Once a "group discharge" determination is made, the Department will grant a discharge to any borrower who attended the school during the specified time period, as long as they submit an application attesting that they meet all the regulatory criteria for an ATB false certification discharge.

44.    There is no time limit on a borrower's eligibility for discharge. A borrower may submit an application at any time, including after a loan has been paid off. 34 C.F.R. §§ 682.402(e)(1)(i) (FFEL Loans) and 685.215(b)(1) (Direct Loans).

## FACTUAL ALLEGATIONS

45.    Plaintiff Evelyn Lara is currently 31 years old and resides in the City of Los Angeles, County of Los Angeles.

46.    Plaintiff has never earned her high school diploma or General Education Diploma ("GED"). She dropped out of high school after completing the 10th grade, when she was 17 years old and pregnant.

47.    In or around June of 2011, Plaintiff, then 19 years of age, visited the Coast Career College campus in Long Beach, California, a private for-profit institution of higher education. Coast Career College also did business as Coast Career Institute (hereinafter, "Career Institute").

48.    On that day, she met with a Career Institute recruiter to find out more about the school's programs.

49.    The recruiter asked Plaintiff if she had earned a high school diploma. Plaintiff told the recruiter that she had not because she had dropped out of high

school after completing the 10th grade.

50.     Plaintiff had brought her high school transcript with her and showed it to the recruiter.

51.     The Career Institute recruiter informed Plaintiff that she could still enroll, but that she would have to take a test first.

52.     The recruiter then scheduled Plaintiff to come back and take the test on a later date.

53.     Less than two weeks later, on or around July 5, 2011, Plaintiff returned to the Career Institute campus in Long Beach to take the required pre-enrollment test.

54.     She met with the recruiter, who took her to a room to take the test. There was one other student in the room who was also going to take the test.

55.     The test administrator then came into the room and gave Plaintiff and the other student a multiple-choice test. He also gave them answers to the test and instructed Plaintiff and the other student to use the answers.

56.     Plaintiff did as she was instructed by the test administrator and completed the test with the answers he had provided.

57.     Plaintiff then enrolled at Career Institute the same day she took the test.

58.     Career Institute had Plaintiff take out a principal amount of $17,510.00 in Direct Loans to pay for her education.

59.     By providing Plaintiff with answers to her ATB test, the Career Institute falsely certified Plaintiff's eligibility for these federal student loans.

60.     Plaintiff never completed her Career Institute program. She withdrew after she was severely injured in an auto accident and was unable to complete because the school would not accommodate her resulting disabilities.

11

61.     The outstanding unpaid loans have caused Plaintiff enormous stress. She has never been able to afford to repay them. Plaintiff has never had steady work and has struggled to raise four children as a single parent. Over the years, she has worked in whatever manual labor jobs she could find, including as a housekeeping or in construction.

62.     Currently, Plaintiff has low-wage employment. She supplements her income for herself and her four children survive with CalWorks benefits and food stamps.

63.     Even though Plaintiff repeatedly told her loan servicers that she could not afford her monthly payments, they never offered her an income-driven repayment plan. Instead, the loan servicers left her anxious about when she would have to make the full monthly payments, putting her into 39 months of serial forbearances of various lengths over a period of around six years prior to initiation of the COVID repayment moratorium.

64.     In addition, the outstanding loans have negatively impacted her credit score. Due to her high debt-to-income ratio, she has been turned down for credit multiple times.

65.     Plaintiff now has an outstanding balance of approximately $22,680.00 on her Direct Loans.

66.     The Career Institute closed in 2016.

### *Plaintiff's False Certification Discharge Application and Supporting Evidence*

67.     On February 1, 2023, Plaintiff submitted a false certification discharge application, signed under penalty of perjury, to Defendant via her loan servicer Mohela.

68.     The application was complete under 34 C.F.R. §§ 685.215(c). Plaintiff stated that she did not satisfy any of the following alternative to

graduation-from-high-school statutory and regulatory eligibility requirements in effect at the time her loans were originated (20 U.S.C. § 1091(d) (2010) and 34 C.F.R. § 685.215(a)(1)):

        a.    she did not have a valid high school diploma or equivalent when she enrolled;

        b.    she did not successfully complete six credit hours or 225 clock hours of coursework that applied toward a program offered by Career Institute before she received her loans; and

        c.    although she took an ATB test before she was admitted, Career Institute gave her the answers to the test before she took it.

34 C.F.R. § 685.215(c)(1).

69.    Plaintiff also stated in her application that she did not make any claim for a refund or reimbursement of her federal student loans to Career Institute or any third party as required by 34 C.F.R. § 685.215(c)(7).

70.    The application did not ask whether Plaintiff had reported to Career Institute that she did not have a valid high school diploma or equivalent, even though this is a requirement under 34 C.F.R. § 685.215(c)(1). Despite this, Plaintiff provided Defendant with a declaration, also made under penalty of perjury, in which she stated that she told Career Institute before she enrolled that she did not have a high school diploma or GED.

71.    Plaintiff also provided Defendant with a copy of her high school transcript showing that she had not earned her high school diploma.

72.    The application, declaration, and high school transcript submitted to Defendant therefore demonstrated that Plaintiff met all the required criteria for a false certification discharge set forth in 34 C.F.R. §§ 685.215(a)(1) and (c) and 20 U.S.C. § 1087(c).

### *Defendant's Denial of Plaintiff's False Certification Discharge Application*

73.    On March 7, 2023, Defendant, through Mohela, mailed Plaintiff a letter denying her ATB false certification discharge application on the grounds that she "does not appear to be eligible for a discharge."

74.    Although Plaintiff had satisfied all the eligibility criteria set forth in 34 C.F.R. § 685.215 and in Defendant's published ATB false certification discharge policies, the denial stated the following as the sole reason that Plaintiff was not eligible for a discharge: "[D]ocumentation was not provided that demonstrated your eligibility. Please provide supporting documentation, such as transcripts, a student ledger, or correspondence to support your claim."

75.    Defendant's letter did not describe how the evidence and application Plaintiff submitted failed to demonstrate her eligibility.  Moreover, the supplemental documentation requested was irrelevant, unavailable to Plaintiff, and lacked sufficient specificity for Plaintiff to determine what supplemental documents were necessary to demonstrate her eligibility.

76.    Therefore, on April 26, 2023, Plaintiff submitted a request for review to Defendant, via Mohela, contending that Plaintiff had in fact submitted sufficient documentation to demonstrate that she met the statutory and regulatory criteria for a false certification discharge based on ATB violations.

77.    With respect to the Defendant's request that she provide a transcript, Plaintiff pointed out that she had in fact provided a transcript, which was her high school transcript.

78.    With respect to the Defendant's request that she provide a student ledger, Plaintiff contended that a student ledger would not be relevant to an ATB false certification discharge application, as student ledgers are used by schools to record all funds being paid to the school on a student's behalf and all expenditures of those funds. They contain no information regarding whether a school properly

14

administered an ATB test prior to enrolling a student.

79.    With respect to the Defendant's request that she provide correspondence or other supplemental documents, Plaintiff contended that the Department had failed to specify the nature of the correspondence or documentation it required or what specific ATB false certification criteria this documentation was necessary to demonstrate.

80.    With respect to the request for a transcript, student ledger and correspondence, Plaintiff also stated she could not provide any such documentation from the school because she did not have it in her possession and could not obtain it. Plaintiff informed Defendant that Career Institute had closed in 2016 and the California state oversight agency, the Bureau for Private Postsecondary Education, did not possess Career Institute's student records or identify any custodian of records for the student records.

81.    On May 15, 2023, Defendant, through MOHELA, denied Plaintiff's request for review on the exact same basis, stating that Plaintiff "does not appear to be eligible for a discharge" because "documentation was not provided that demonstrated your eligibility. Please provide supporting documentation, such as transcripts, a student ledger, or correspondence to support your claim."  Defendant, therefore, had failed to address any of the issues raised by Plaintiff in her request for review.

82.    Because Plaintiff had provided an attested application and additional evidence demonstrating that she met all the criteria of 34 C.F.R. § 685.215, Defendant's denial of Plaintiff's ATB false certification discharge application and her request for review was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of 5 U.S.C. § 706(2)(A).

83.    The Department's denial letters and process were also not in

accordance with the law and made without observance of procedure required by law, in violation of 5 U.S.C. §§ 706(2)(A) and 706(2)(D), and failed to provide Plaintiff with due process.

### *Department's Presumption-of-Denial Policy for ATB False Certification Discharge Applications*

84.     Upon information and belief, Defendant has adopted a policy of "presumption of denial" for ATB false certification discharge applications, including Plaintiff's, other than those that are covered by a group discharge determination. Under this policy, the Department presumes that such false certification discharge applications should be denied unless they meet extra-regulatory requirements that have not been communicated to borrowers and send boilerplate denial notices that violate due process.

### i.  **Department's disregard of and failure to credit borrower testimony and evidence**

85.     As part of this presumption-of-denial policy, when evaluating ATB false certification discharge applications Defendant routinely disregards and fails to consider written borrower statements made under penalty of perjury in those applications, in violation of 34 C.F.R. §§ 682.402(e)(6)(v) (FFEL Loans) and 685.215(d)(4) (Direct Loans).

86.     Defendant also routinely disregards and fails to consider written borrower statements made under penalty of perjury in supporting declarations in violation of 34 C.F.R. §§ 682.402(e)(6)(v) (FFEL Loans) and 685.215(d)(4) (Direct Loans).

87.     Defendant also routinely fails to consider or credit relevant documents provided by borrowers, such as primary or secondary school transcripts showing that a borrower did not graduate from high school, in violation of 34 C.F.R. §§

16

682.402(e)(6)(v) (FFEL Loans) and 685.215(d)(4) (Direct Loans).

### ii.  Department's failure to adequately consider a borrower's request for review

88.     As part of this presumption-of-denial policy, Defendant also fails to consider the reasons for a borrower's request for review or consider additional information from the borrower, in violation of 34 C.F.R. §§ 682.402(e)(3)(vii) (FFEL Loans) and 685.215(d)(4) (Direct Loans).

### iii. Department's requirements that borrowers provide supporting documentation that is irrelevant, unspecific, or not reasonably available

89.     As part of its presumption-of-denial policy, Defendant requires borrowers to provide student records as "supporting documents," such as higher education transcripts, student ledgers, or school correspondence, even though these documents are not relevant to the determination of whether a school falsely certified a student's ability to benefit.

90.     This requirement is contrary to the HEA and the ATB false certification discharge regulations, which contain no requirements that borrowers submit any kind of supporting documentation for their ATB false certification discharge application to be considered complete or eligible for approval.

91.     In addition, Defendant has never publicly communicated to potential ATB false certification discharge applicants that it requires the submission of such supporting documents, nor has it specified what student records or correspondence would be sufficient to support an approval of an ATB false certification discharge application.

92.     As part of its presumption-of-denial policy, Defendant also requires borrowers to submit student records, transcripts or correspondence which are not in the possession of the borrower or reasonably available to the borrower because the school has closed and failed to transfer its records to a state oversight agency or

17

other custodian of records, in violation of 34 C.F.R. §§ 682.402(e)(3)(vii) (FFEL Loans) and 685.215(c)(8)(i) (Direct Loans).

### iv. __Department's boilerplate language denial letters__

93. Upon information and belief, Defendant and its loan servicers use letters containing boilerplate denial language to inform borrowers that Defendant has denied their ATB false certification discharge applications.

94. Upon information and belief, in violation of 34 C.F.R. §§ 682.402(e)(6)(vi) (FFEL Loans) and 685.215(d)(4) (Direct Loans), Defendant's denial letters to borrowers who attest in their applications to sufficient facts to demonstrate eligibility for ATB false certification discharges, including the March 7, 2023 denial letter received by Plaintiff, routinely:

      a. Inform borrowers that they are not eligible for an ATB false certification discharge because supporting documentation was not provided that demonstrated eligibility, without adequately specifying the supporting documentation required, making it impossible for borrowers to provide the required documentation;

      b. Fail to adequately specify the reasons for the adverse determination, making it impossible for the borrower to determine how they failed to meet ATB false certification discharge eligibility requirements; and

      c. Fail to describe any evidence upon which the denial was based or provide any reasons for Defendant's disregard or discrediting of any evidence provided by the borrower, including sworn declarations, high school transcripts, or sworn statements in ATB false certification discharge applications.

95. Upon information and belief, in violation of 34 C.F.R. §§ 682.402(e)(6)(vi) (FFEL Loans) and 685.215(d)(4) (Direct Loans), Defendant and

18

its loan servicers also use letters containing boilerplate language to notify borrowers that the Department will not reverse a denial in response to requests for review.  These letters fail to specify how arguments raised or additional evidence provided by borrowers is insufficient to demonstrate eligibility for an ATB false certification discharge, making it impossible for borrowers to determine how they failed to meet ATB false certification discharge eligibility requirements and provide the necessary information or documentation.

### ***Harm to Plaintiff and other Borrowers***

96.     The policies described in paragraphs 84 to 95 are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and made without observance of procedure required by law, in violation of in violation of 5 U.S.C. §§ 706(2)(A) and 706(2)(D), and fail to provide borrowers with due process.

97.     The Department's presumption-of-denial ATB false certification application policies and procedures described have wrongly denied borrowers relief from loans that in many cases are invalid, including Plaintiff.

98.     The Department has harmed Plaintiff's credit, perpetuated her high debt-to-income ratios, restricted her employment and education options, prevented opportunities for her to develop wealth (e.g., home equity, retirement), and interfered with her ability to provide for her family. These policies similarly harm other borrowers who have applied for ATB false certification discharges.

99.     Plaintiff has exhausted all of the administrative remedies available to her and has no other remedy at law to obtain Defendant's compliance with the HEA and the Department's student loan discharge regulations, other than through the relief sought in this complaint.

### FIRST CAUSE OF ACTION
### (Pursuant to the APA, 5 U.S.C. §§ 701-706)

19

100. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

101. Pursuant to the APA, a court "shall . . . compel agency action unlawfully withheld." 5 U.S.C. § 706(1).

102. Pursuant to the APA, a court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" and "without observance of procedure required by law . . . ." 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

103. Plaintiff has a statutory and regulatory right to a false certification discharge of her federal student loans because her application for false certification student loan discharge, along with the evidence submitted with that application, satisfied the eligibility standards set forth in 20 U.S.C. § 1087(c) and 34 C.F.R. § 685.215 for discharge of her outstanding federal student loan.

104. Nevertheless, the Department denied Plaintiff's false certification discharge application.

105. The Department's decision not to reverse its decision denying Plaintiff's application for ATB false certification student loan discharge, in response to Plaintiff's request for review, constitutes a final agency action, as defined by 5 U.S.C. § 704, and is therefore reviewable under the APA.

106. Defendant's denial of Plaintiff's false certification discharge application and its decision not to reverse that decision after receiving Plaintiff's request for review was arbitrary, capricious, an abuse of discretion, contrary to law, and otherwise not in accordance with, and without observance of procedure required by, the Higher Education Act, 20 U.S.C. §§ 1001-1099d, and its implementing regulations, including but not limited to 34 C.F.R. § 685.215, in

20

violation of the APA, 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

107.   With respect to Plaintiff, each of the following actions and procedures, which are part of the Department's presumption-of-denial policy, were arbitrary, capricious, an abuse of discretion, contrary to law, and otherwise not in accordance with, and without observance of procedure required by, the Higher Education Act, 20 U.S.C. §§ 1001-1099d, and its implementing regulations, including but not limited to 34 C.F.R. § 685.215, in violation of the APA, 5 U.S.C. §§ 706(2)(A) and 706(2)(D):

      a.    Disregarding and failing to consider statements made by Plaintiff under penalty of perjury in her application and declaration;

      b.    Disregarding and failing to consider her high school transcript;

      c.    Denying Plaintiff's ATB false certification discharge application, as well as refusing to reverse that decision in response to Plaintiff's request for review, on the basis that Plaintiff failed to provide irrelevant supporting documents, such as "transcripts, a student ledger, or correspondence," that have not been identified as a pre-condition to eligibility by the regulations or any public Department policy, without previously informing Plaintiff of this documentation requirement or adequately specifying the documents necessary to obtain approval of an ATB false certification discharge application so that Plaintiff could provide the required documents;

      d.    Requiring Plaintiff to submit records, transcripts or correspondence as a condition for obtaining approval of her ATB false certification discharge application, even though such documents were not in her possession or reasonably available to her because the Career Institute had closed and failed to transfer its records to a state oversight agency or

21

other custodian of records;

e.     Notifying Plaintiff of the denial of her application with a letter that failed to adequately specify the supporting documentation required for approval of an ATB false certification discharge application, adequately specify the reasons for the adverse determination, describe any evidence upon which the denial was based, or provide any reasons for Defendant's disregard or discrediting of Plaintiff's sworn declaration, high school transcript, and sworn statements in her ATB application, making it impossible for Plaintiff to determine how she failed to meet the ATB false certification discharge eligibility requirements and provide necessary evidence;

f.     In evaluating Plaintiff's request for review of the denial of her ATB false certification application, disregarding and failing to consider the reasons Plaintiff sought review; and

g.     In response to her request for review, notifying Plaintiff of Defendant's decision not to reverse the denial of her ATB false certification discharge application with a letter that did not adequately specify the reasons for the Department's decision, making it impossible for Plaintiff to determine how she failed to meet the ATB false certification discharge eligibility requirements and provide necessary documentation.

108.   Defendant also violated the APA, 5 U.S.C. § 555(e) because it issued and continues to issue denial notices and denial of review notices to borrowers, including Plaintiff, as described in paragraphs 73 to 75, 81, and 93 to 95 herein that did not provide a legally adequate "brief statement for the grounds for denial."

109.   Defendant's actions have harmed borrowers, including Plaintiff,

22

including by threatening their health and welfare.

110.   The presumption-of-denial policy adopted by the Department to deny ATB false certification discharge applications, including Plaintiff's, is arbitrary, capricious, an abuse of discretion, contrary to law, and otherwise not in accordance with, and without observance of procedure required by, the Higher Education Act, 20 U.S.C. §§ 1001-1099d, and its implementing regulations, including but not limited to 34 C.F.R. §§ 685.215 and 685.402(e), in violation of the APA, 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

111.   Plaintiff asks this court to declare that Defendant's denial of her application for false certification discharge was unlawful, arbitrary, capricious, an abuse of discretion, contrary to law, and otherwise not in accordance with, and without observance of procedure required by, the Higher Education Act, 20 U.S.C. §§ 1001-1099d, and its implementing regulations, in violation of the APA, 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

112.   Plaintiff also asks this court to declare that each aspect of Defendant's presumption-of-denial policy is unlawful, arbitrary, capricious, an abuse of discretion, contrary to law, and otherwise not in accordance with, and without observance of procedure required by, the Higher Education Act, 20 U.S.C. §§ 1001-1099d, and its implementing regulations, in violation of the APA, 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

113.   Plaintiff also asks that this court declare that Defendant's notice of denial of her ATB false certification discharge application and notice of denial of her request for review violated 5 U.S.C. § 555(e), and compel the Department to cease issuing inadequate ATB false certification discharge application denial notices and denial of review notices pursuant to the APA, 5 U.S.C. §§ 702, 706(2)(A) and 706(2)(D).

114.   Plaintiff further asks this court to reverse Defendant's denial of her application for false certification discharge and compel Defendant to grant her application, pursuant to the APA, 5 U.S.C. §§ 702, 706(1), 706(2)(A) and 706(2)(D).

### SECOND CAUSE OF ACTION
### (Due Process – U.S. Const. Amend. 5)

115.   Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

116.   5 U.S.C. §§ 702 and 706(2)(B) of the APA authorizes a federal court to review the constitutionality of Defendant's notices and procedures.

117.   Plaintiff and other federal student loan borrowers have a property interest in their right to seek discharge of their federal student loans on the basis ATB false certification.

118.   Defendant has deprived Plaintiff, and has and continues to deprive other borrowers who submit ATB false certification discharge applications, of their constitutionally protected property interests without due process of law by using the "presumption-of-denial" policies and practices described in paragraphs 73 to 75, 81, and 89 to 95 herein.

119.   Defendant's due process violations include providing denial notices in response to ATB false certification discharge applications and requests for review which do not adequately inform borrowers, including Plaintiff, of the reasons for the Department's denial or the documents necessary for their ATB false certification discharge applications to be granted.  As a result, it is impossible for borrowers, including Plaintiff, to determine how they failed to meet the ATB false certification discharge eligibility requirements and provide necessary evidence;

120.   Based on these due process violations, Plaintiff asks this court to

---

reverse Defendant's denial of her application for false certification discharge pursuant to 5 U.S.C. § 706(2)(B).

121.   Plaintiff also asks this court to declare that each aspect of Defendant's presumption-of-denial policy, including its use of unconstitutional notices to deny ATB false certification discharge application or to deny requests for review thereof, violates the Due Process Clause of the Fifth Amendment of the United States Constitution pursuant to 5 U.S.C. § 706(2)(B).

122.   Plaintiff also seeks an order pursuant to 5 U.S.C. § 706 barring Defendant from continuing to use any unconstitutional aspect of its presumption-of-denial policy, including the use of unconstitutional notices to deny ATB false certification discharge applications and to deny requests for review thereof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment and order for relief as follows:

1.   Declare that Defendant's denial of Plaintiff's false certification discharge application was arbitrary, capricious, an abuse of discretion, contrary to law, and otherwise not in accordance with, and without observance of procedure required by, the Higher Education Act, 20 U.S.C. §§ 1071-1099d, and its implementing regulations, in violation of 5 U.S.C. §§ 555(e), 706(2)(A) and 706(2)(D);

2.   Reverse the Defendant's final decision denying Plaintiff's false certification discharge application pursuant to 5 U.S.C. § 706(2);

3.   Compel Defendant, pursuant to 5 U.S.C. § 706(1), to:

      a.   Cease collection efforts on Plaintiff's Direct Consolidation Loan;

      b.   Discharge the liability on Plaintiff's Direct Consolidation

Loan; and

c.      Grant Plaintiff all relief authorized by 20 U.S.C. § 1087(c)(1) and 34 C.F.R. § 685.215;

4.      Hold unlawful and declare all of the following was arbitrary, capricious, an abuse of discretion, contrary to law, and otherwise not in accordance with, and without observance of procedure required by, the Higher Education Act, 20 U.S.C. §§ 1071-1099d, and its implementing regulations, in violation of the APA, 5 U.S.C. §§ 555(e), 706(2)(A) and 706(2)(B):

a.      Defendant's denial of Plaintiff's application for a false certification discharge solely on the grounds that "documentation was not provided that demonstrated your eligibility;"

b.      Defendant's refusal to grant Plaintiff's application for a false certification discharge and request for review unless Plaintiff provided "supporting documentation, such as transcripts, a student ledger, or correspondence to support your claim;" and

c.      Defendant's failure to review and address the evidence submitted by Plaintiff;

5.      Declare that each aspect of the presumption-of-denial policy adopted by Defendant is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with, and without observance of procedure required by the Higher Education Act, 20 U.S.C. §§ 1071-1099d, and its implementing regulations, and 5 U.S.C. § 555(e);

6.      Compel Defendant to cease applying the presumption-of-denial policy to evaluate and process any ATB false certification discharge application or request for review of a denial thereof;

7.      Declare that each aspect of the presumption-of-denial policy violates

26

the Due Process Clause of the Fifth Amendment to the United States Constitution;

      8.    Compel Defendant to cease engaging in any aspect of the presumption-of-denial policy that violates the Due Process Clause of the Fifth Amendment to the United States Constitution;

      9.    Order Defendant to pay the cost of this action, together with reasonable attorneys' fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), as determined by the Court; and

     10.    Grant such other and further relief as the Court may deem just and proper.

DATED: June 27 2024

                          Respectfully submitted,

                          _/S/ Robyn Smith_____
                          ROBYN SMITH
                          LEGAL AID FOUNDATION OF LOS ANGELES
                          5211 E. Washington Blvd., Suite 2-457
                          Commerce, CA 90040
                          Telephone:  (213) 640-3906
                          Facsimile:  (213) 640-3911

27